**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

                                                 Case No. 07-34234

FRANK ROBERT SULLIVAN
f/d/b/a SPS AUTO DETAIL
f/d/b/a ALL-CLEAN MOBILE DETAIL
DIANA ROSE SULLIVAN

                        Debtors

**MEMORANDUM ON OBJECTIONS
TO DEBTORS' CLAIM OF EXEMPTION**

**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
                             John P. Newton, Jr., Esq.
                             1111 Northshore Drive
                             Suite S-570
                             Knoxville, Tennessee  37919
                             Attorneys for Debtors

                             MOSTOLLER, STULBERG & WHITFIELD
                              Ann Mostoller, Esq.
                              136 South Illinois Avenue
                              Suite 104
                              Oak Ridge, Tennessee  37830
                              Attorneys for Chapter 7 Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

These contested matters are before the court on the Trustee's Objection to Debtor Husband's Claim of Exemption Under T.C.A. § 26-2-103 and § 26-2-111 and on the Objection to Debtors' Claim of Exemption (collectively, Objections to Exemption) filed by the Chapter 7 Trustee, Ann Mostoller, on February 6, 2008, and March 19, 2008, respectively. The court held a preliminary hearing on March 20, 2008, at which time the parties agreed that these matters could be decided upon stipulations and briefs. Pursuant to the Scheduling Order entered on April 10, 2008, the parties filed Stipulations on April 22, 2008, stipulating certain undisputed facts and the admissibility of the following attached exhibits: (A) Amended Schedule B filed by the Debtors on March 14, 2008; (B) Amended Schedule C filed by the Debtors on March 14, 2008; and (C) a bank record statement dated September 10, 2007, for the Debtors' checking account at Greenback Bank.[1] The Trustee filed her Brief in Support of Trustee's Objection to Debtors' Claim of Exemption on May 7, 2008, and on May 22, 2008, the Debtors filed the Debtor's [sic] Brief in Opposition to Trustee's Objection to Debtor's Claim of Exemptions. Because the identical issues raised by the Trustee were recently decided by the court in *In re Hensley*, No. 07-34232, slip op. (Bankr. E.D. Tenn. August 12, 2008), the Objections to Exemption will be sustained.

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 7 on December 6, 2007. In their Schedule B filed with the petition, the Debtors listed as jointly owned cash on hand in the amount of $50.00, a checking account at Greenback Bank in the amount of $3,230.00, a security deposit with Atmos Gas Company in the amount of $400.00, household goods and furnishings collectively valued at $385.00, a 2000 Dodge Durango (Durango), 1994

---

[1] The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of material undisputed facts of record in the Debtors' bankruptcy case.

2

Pontiac Grand Prix (Grand Prix), and 2001 HOMD TNC (HOMD) collectively valued at $3,800.00, detail tools, pressure washer, water tank, and waxes collectively valued at $400.00, and a lawn mower, weedeater, and tools collectively valued at $40.00. In their Schedule C, filed on December 6, 2007, the Debtors claimed collective joint exemptions under Tennessee Code Annotated § 26-2-103 (2000) in their cash in the amount of $50.00, checking account in the amount of $3,230.00, security deposit in the amount of $400.00, household goods in the amount of $385.00, three vehicles in the amount of $3,800.00, lawn mower and related equipment in the amount of $40.00 and, under Tennessee Code Annotated § 26-2-111(4) (Supp. 2007), the detail tools, pressure washer, water tank, and waxes in the amount of $400.00.[2] The Trustee filed her initial Objection to Debtor Husband's Claim of Exemption on February 6, 2008, on the basis that the vehicles were owned solely by Mr. Sullivan, who was attempting to exempt property above the $4,000.00 limit for personal property.

Following the Trustee's objection, the Debtors filed a Response to Trustee's Objection to Debtor Husband's Claim of Exemption Under T.C.A. § 26-2-103 and § 26-2-111 on February 22, 2008, arguing that the vehicles were jointly used by the Debtors but acknowledging that the Debtors were not entitled to exempt equipment used in the Debtor's former business under Tennessee Code Annotated § 26-2-111(4). They filed an Amended Schedule B on March 14, 2008, which mirrored the original with the exception that the Durango, Grand Prix, and HOMD were listed separately and valued at $2,900.00, $800.00, and $100.00, respectively. STIP. EX. A. Notwithstanding that the three vehicles are listed as jointly owned, each of the three listings contains the following notation: "Titled in Husband's name only but used jointly." The Debtors also filed an Amended Schedule C

---

[2] The Debtors also listed clothing valued at $50.00 and jewelry valued at $43.00, which were claimed exempt pursuant to Tennessee Code Annotated § 26-2-104 (2000) and are not at issue in this contested matter.

3

on March 14, 2008, removing the $400.00 exemption for detail tools, pressure washer, water tank, and waxes, and listing the cash on hand in the amount of $50.00, the checking account balance in the amount of $3,230.00, and the utility deposit in the amount of $400.00 as exempt solely to Mrs. Sullivan. STIP. EX. B. With respect to the household goods, the Debtors split the $385.00 value with Mrs. Sullivan claiming $320.00 of the exemption and Mr. Sullivan claiming the $65.00 balance as exempt. STIP. EX. B. As to the Durango, Grand Prix, and HOMD, each contains the same notation as in Schedule B, "[t]itled in Husband's name only but used jointly," and are claimed exempt solely by Mr. Sullivan in the scheduled amounts of $2,900.00, $800.00, and $100.00, respectively. STIP. EX. B. The Trustee filed her second Objection to Exemption on March 19, 2008, with respect to the Amended Schedule C, arguing that the Debtors have claimed individual exemptions in jointly owned property, resulting in Mr. Sullivan claiming exemptions in excess of $4,000.00, without regard to the jointly owned interest of the co-Debtor. Specifically, the Trustee objects to Mrs. Sullivan's claimed exemption in the full amount of the cash on hand, checking account balance, and security deposit, to Mr. Sullivan's claimed exemption in the full value of the Durango, Grand Prix, and HOMD, and to the unequally claimed exemption in the household goods when all of this property is jointly owned by the Debtors.

The court entered a Scheduling Order on April 10, 2008, reciting the parties' agreement that the Trustee's Objections to Exemption would be resolved upon stipulations and briefs and outlined the issues as (a) whether either the Husband or the Wife could claim an exemption in a joint case in assets titled solely to the other; and (2) whether the Debtors could exempt more than one-half (½) of the value of jointly owned property by one or the other Debtor in a joint filing. The parties filed

their Stipulations on April 22, 2008, stipulating that all property listed on their Amended Schedule B was jointly owned. STIPS. at ¶ 1. It was also stipulated that the Debtors listed in their Amended Schedule C the cash on hand, utility deposit, and checking account balance as joint property, the entire value of which is claimed exempt by Mrs. Sullivan. STIPS. at ¶¶ 2, 4, 6-7. They also stipulated that their household goods were scheduled as being jointly owned but claimed exempt by Mrs. Sullivan in the amount of $320.00 and Mr. Sullivan in the amount of $65.00. STIPS. at ¶ 5. Finally, the parties stipulated that "[a]ll jointly-owned property was owned as tenants by the entireties prior to the filing of bankruptcy." STIPS. at ¶ 8.

The filing of the Debtors' bankruptcy petition created their bankruptcy estate, and all property and interests in property owned by them became property of the estate. 11 U.S.C. § 541(a) (2005). Nevertheless, they were entitled to exempt their interests in certain property by virtue of 11 U.S.C. § 522 (2005) and Tennessee Code Annotated § 26-2-112 (2000), which was accomplished by the filing of their Schedule C, and any amendments thereto, listing the property they sought to exempt, along with the amount of the claimed exemption and the statutory basis therefor. *See* FED. R. BANKR. P. 4003(a).

In *Hensley*, the court was faced with similar, if not almost identical, facts and stipulations.[3] The debtors sought to claim exemptions in personal property and in vehicles titled solely to the debtor husband, all of which they stipulated were jointly owned as tenants by the entireties, and they attempted to allocate the majority of their exemptions to the debtor wife. The court first held that irrespective of the fact that the vehicles were titled solely in the debtor husband's name, because both

---

[3] *Hensley* also dealt with an exemption in social security disability benefits which is not at issue here.

debtors were claiming a joint ownership interest in the vehicles, and the debtors and Chapter 7 trustee had stipulated that all property was jointly owned by the debtors as tenants by the entirety, under state law, "each spouse [was] seized of the whole or the entirety and not of a share, moiety, or divisible part" and both of the debtors co-owned the vehicles, entitling each debtor to claim a personal property exemption in the two vehicles pursuant to Tennessee Code Annotated § 26-2-103. *Hensley*, slip op. at 11-12.

Secondly, relying upon Tennessee law that "[s]ince the number of persons holding an estate by the entireties is two in number, it is clear that 50%, and no more [or less], of the value of property held as tenants by the entireties is to be included[,]" *Pierce v. Woods*, 597 S.W.2d 295, 297 (1980), the court found that the most equitable division of the jointly owned entireties property for the purposes of the personal property exemption statute was an equal division, as there was nothing in the record to support division of the parties' exemptions in the personal property owned jointly as tenants by the entireties in any manner other than by one-half to each spouse. *Hensley*, slip op. at 15-16.

Here, the Debtors are each entitled to claim an equal fifty (50%) percent exemption in all of their jointly owned personal property. Accordingly, the Trustee's Objections to Exemption will be sustained. The Debtors shall, however, be allowed to further amend their Schedule C to claim the following exemptions: $25.00 each in the cash on hand, $1,615.00 each in the checking account balance, $200.00 each in the utility deposit, $192.50 each in the household goods, $1,450.00 each in the Durango, $400.00 each in the Grand Prix, $50.00 each in the HOMD, and $20.00 each in the

lawn mower, weedeater, and tools. These exemptions are subject to the $4,000.00 individual limitation set forth in Tennessee Code Annotated § 26-2-103.

An order consistent with this Memorandum will be entered.

FILED: August 20, 2008

                              BY THE COURT

                              */s/ RICHARD STAIR, JR.*

                              RICHARD STAIR, JR.
                              UNITED STATES BANKRUPTCY JUDGE